```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION AT LEXINGTON
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) Criminal Action No. 5:07-137-JMH |
| | ) |
| v. | ) |
| | ) |
| GREGORY DAVID HADDIX, | ) **MEMORANDUM OPINION AND ORDER** |
| | ) |
|     Defendant | ) |

              **   **   **   **   **

This matter is before the Court on Defendant Gregory David Haddix's Objection to the Introduction of 404(b) Evidence [Record No. 158]. Defendant Haddix asks that the Court limit testimony about his guilty plea and subsequent incarceration related to a charge of Trafficking in Oxycontin, which occurred on September 1, 2005.[1] He does not object to the introduction of evidence regarding the activities and transactions which ultimately culminated in the criminal charges against him and his guilty plea and incarceration.

Fed. R. Evid. 404(b) states that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." By virtue of its Notice of Other Evidence [Record No. 157], the United States has

---

[1] The Court notes that one of the co-defendants, John David Haddix, shares a surname with the movant. For the purposes of this order, "Defendant Haddix" shall refer only to the movant, Gregory David Haddix.

announced that it intends to offer evidence that Defendant Haddix sold a total of three tablets to a confidential witness on June 8 and June 13, 2005. As the Court understands the matter, the June 8 and June 13, 2005, sales are not part of the transactions or occurrences which serve as the foundation for the allegations in the present case against Defendant Haddix, and, thus, evidence of these sales and Defendant Haddix's guilty plea would generally constitute evidence of other crimes, wrongs, or acts. The same cannot be said of Defendant's incarceration so it shall be excluded.

Insofar as the evidence of Defendant Haddix's prior conviction is inextricably intertwined and an integral account of a witness' account of the circumstances surrounding the offenses for which Defendant Haddix and his co-defendants were indicted, it may be properly admitted, Rule 404(b) notwithstanding. *See United States v. Males*, 715 F.2d 568 (11th Cir. 1983). The introduction of "background" evidence or *res gestae* is proper and does not implicate Rule 404(b). *U.S. v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) (citing *United States v. Buchanan,* 213 F.3d 302, 311 (6th Cir. 2000); *United States v. Paulino,* 935 F.2d 739, 755 (6th Cir. 1991); 2 Jack B. Weinstein, Margaret A. Berger & Joseph M. McLaughlin, *Weinstein's Federal Evidence*, § 404.20[2][c])). The "background circumstances exception" to the general exclusion of other acts evidence is limited to that evidence which "consists of those other acts that are inextricably intertwined with the charged

offense or those acts, the telling of which is necessary to complete the story of the charged offense." *Id.* (citing Weinstein at § 404.20 [2] [c] and [d]; *United States v. Weinstock,* 153 F.3d 272, 277 (6th Cir. 1998); *United States v. Barnes,* 49 F.3d 1144, 1149 (6th Cir. 1995); *United States v. Townsend,* 796 F.2d 158, 162 (6th Cir. 1986); *United States v. Cunningham,* 103 F.3d 553, 557 (7th Cir. 1996)). Here, the United States has announced that intends to offer evidence of incidents which occurred in 2005, well within the time-frame of the conspiracy alleged in Count I of the indictment against Defendant Haddix, April 2002 through January 31, 2006. Assuming that the United States offers evidence of Defendant Haddix's 2005 guilty plea for Trafficking in Oxycontin, the event has the necessary causal, temporal or spatial connection with the charged offense. *Id.* (citing Jennifer Y. Schuster, *Uncharged Misconduct Under Rule 404(b): The Admissibility of Inextricably Intertwined Evidence,* 42 U. Miami Law Review 947 (March/May 1998)). So long as the evidence offered is an integral part of the witness' account of the circumstances surrounding the conspiracy for which Defendant Haddix was indicted, it may be properly admitted as background evidence. *Id*.

In the alternative, the evidence may be admitted under Fed. R. Evid. 404(b) if offered for purposes other than proving the character of Defendant Haddix to be "in conformity therewith," including "proof of motive, opportunity, intent . . . plan, knowledge, . . . or absence of mistake or accident." Fed. R. Evid.

404(b). Other acts evidence is admissible, subject to Rule 403 balancing, under Rule 404(b) if specific intent is a statutory element of the offense. *U.S. v. Merriweather*, 78 F.3d 1070, 1078 (6th Cir. 1996)(citing *United States v. Johnson*, 27 F.3d 1186 (6th Cir. 1994)). Conspiracy is a specific intent crime, and, in order to convict a defendant of conspiracy to possess and distribute narcotics, "the government must prove that he 'had the specific intent to further the common unlawful objective' of the conspiracy." *Id.* (quoting *United States v. Mitchell,* 49 F.3d 769, 775 (D.C.Cir. 1995) (internal quotations omitted)). Evidence of prior drug transactions and guilty pleas to charges arising to those transactions is admissible to prove that a defendant had the specific intent to distribute or possess drugs. *Id; U.S. v. Love*, No. 06-6088, 2007 WL 3391169, *3 (6th Cir. Nov. 14, 2007).

Prior to admitting the evidence, this Court must "(1) make a preliminary finding as to whether sufficient evidence exists that the prior act occurred; (2) determine that the other act is admissible for one of the proper purposes outlined in Rule 404(b); and (3) apply Rule 403 balancing to determine whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice or the other concerns embodied in Rule 403." *Love*, 2007 WL 3391169 at *3 (citing *U.S. v. Mack,* 258 F.3d 548, 553 (6th Cir. 2001)). By virtue of his Objection, Haddix has conceded that he entered a guilty plea on the earlier charges of Trafficking in Oxycontin on September 1, 2005. The Court is, thus,

persuaded that the act occurred.  The United States has stated that it will offer the evidence to demonstrate intent as well as proof of motive, opportunity, knowledge, plan, or absence of mistake or accident, thus, assuming it is actually offered for those purposes, the evidence may be properly admitted.  The only remaining question is whether the probative value of the evidence of his guilty plea (again, Defendant Haddix does not appear to challenge the evidence of the drug transactions) is so prejudicial as to outweigh its probative value.  The Court finds that it is not, *per se*, so prejudicial as to outweigh the probative value of the evidence under Fed. R. Evid. 403.  Assuming that evidence of the drug transactions is offered, it follows that the United States should be allowed to offer evidence of Haddix's admission that he, in fact, participated in the transactions.  It is more probative than prejudicial and is admissible under Fed. R. Civ. P. 403.

For all of the reasons set forth above, Defendant Haddix's Objection to the Introduction of 404(b) Evidence [Record No. 158] and request for relief will be granted in part and denied in part, said denial being without prejudice.  Should the United States offer the evidence in a manner other than that outlined above, Defendant may renew his objection during trial as appropriate.

Accordingly, **IT IS ORDERED** that Defendant Gregory David Haddix's Objection to the Introduction of 404(b) Evidence [Record No. 158], insofar as it requests relief from this Court, shall be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART,** said

denial being **WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the government shall not introduce evidence of the defendant's **incarceration** stemming from his guilty plea to charges arising out of the 2005 transactions.

This the 9th day of January, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge