UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 07-137-JMH

UNITED STATES OF AMERICA,                               PLAINTIFF,

V.                 **MAGISTRATE JUDGE'S REPORT & RECOMMENDATION**

GREGORY D. HADDIX,                                     DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the undersigned on Defendant Gregory D. Haddix's *pro se* Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 [R. 352]. The United States has filed a Response [R. 356] and the Motion [R. 352] is ripe for review. Consistent with local practice, this matter was referred to the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, IT IS RECOMMENDED that Defendant's Motion [R. 352] be DENIED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 6, 2007, a federal grand jury returned a twenty-one (21) count Indictment against Gregory D. Haddix and ten (10) co-defendants [R. 1]. Count 1 charged that some time in April 2002 through about January 31, 2006, Haddix and his co-defendants conspired together and with others to knowingly and intentionally distribute and possess with intent to distribute a quantity of pills containing a detectable amount of oxycodone and methadone, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. [R. 1]. Count 21 (the forfeiture provision) charged that by virtue of the commission of the offenses alleged in Count 1, the United States was entitled

to a monetary judgment against Gregory Haddix and his co-defendants in the amount of $6 Million and that Haddix forfeited his interest in any United States Currency seized pursuant to 18 U.S.C. § 853 [R. 1].

On January 15, 2008, pursuant to a plea agreement, Haddix pled guilty to charges contained in Count 1 and Count 21 of the Indictment [R. 193]. The Plea Agreement contained a provision wherein he waived his right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution [R. 195, ¶ 8].

On April 14, 2008, Haddix was sentenced to 324 months incarceration, but received credit for 29 months and 13 days time served, to be followed by a six (6) year term of supervised release [R. 292; R. 301].

Defendant appealed to the Sixth Circuit, alleging that his plea was involuntary and unknowing based on counsel's ineffectiveness. In an opinion issued on August 6, 2009, the Sixth Circuit held that appellate review of Defendant's claims was precluded because Haddix waived his right to appeal his plea and sentence pursuant to a valid plea agreement. [R. 348]. Affirming the judgment of the district court, the Court of Appeals also noted that even if appellate review were not precluded, the issues presented in connection with Haddix's sentencing were frivolous and the sentence imposed by the district court was reasonable. [Id.].

## II. DISCUSSION

On February 1, 2010, Haddix filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. [R. 352]. In his Motion, Haddix alleges: (1) ineffective assistance of counsel for allowing the government to use information related to sentence-enhancement at sentencing; (2) ineffective assistance of counsel for inducing the plea by promising a sentence of

2

235 months; (3) ineffective assistance of counsel for failure to explain 'sentence enhancement' prior to sentencing; (4) ineffective assistance of counsel for inducing Defendant to plea while Defendant was in withdrawal from substance abuse; (5) failure to object to illegal sentence; and (6) failure to hold a hearing pursuant to Rule 32(c)(3) as to Defendant's objections that the pe-sentencing report was error. [R. 352; R. 352-1]. Upon careful review of the claims asserted in Defendant's Motion, the Court finds that Defendant's Motion has no merit. Simply, his plea was knowing and voluntary, and was not the result of ineffective assistance of counsel.

**1. Defendant's Plea was Knowing and Voluntary.**

Defendant entered a valid plea at re-arraignment. A valid guilty plea must be knowing, voluntary, and intelligent. Brady v. United States, 397 U.S. 742, 748 (1970). A plea is voluntary and intelligent if the record reflects a full understanding of the direct consequences of one's actions. North Carolina v. Alford, 400 U.S. 25, 31 (1970). The Sixth Circuit has already determined that Haddix entered a valid guilty plea. [R. 348]. Haddix has not highlighted any exceptional circumstances in the present Motion [R. 352] to indicate otherwise.

**2. The Waiver Provision Contained in the Plea Agreement is Valid.**

The Sixth Circuit has held that a waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily. United States v. Fleming, 239 F.3d 761, 763 - 64 (6th Cir. 2001); Hunter v. United States, 160 F.3d 1109, 1113 (6th Cir. 1998). Defendant's "informed and voluntary waiver of the right to collaterally attack [his] sentence in a plea agreement bars" the right to appeal or otherwise attack the constitutionality or legality of the sentence which is imposed. Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999); United States v. McGilvery, 403 F.3d 361, 363 (6th Cir. 2005). In Haddix's case, the Sixth Circuit has already determined that the waiver

provision contained in the plea agreement is valid. [R. 348].

**3. Ineffective Assistance of Counsel**.

The waiver made by Haddix "effectively foreclosed his right to bring a § 2255 petition based on the claim of ineffective assistance of counsel," Davilla v. United States, 258 F.3d 448, 451 (6th Cir. 2001), except that the Court can review an ineffective assistance of counsel claim to the extent that it relates "*directly* to the plea agreement or the waiver." Id. (emphasis added); see also In re Acosta, 480 F.3d 421, 422 (6th Cir. 2007). Here, only the following ineffectiveness claims made by Defendant "relate directly" to the plea agreement: (1) counsel should have "explained" that the United States "would seek an enhanced punishment due to the prior convictions and also due to the manager role label before having him plead guilty;" (2) counsel induced the plea "without explaining the enhancement portion of the law," indicating that he would only receive a sentence of 235 months; and (3) counsel induced the plea because Defendant was going through withdrawals at the time he pled guilty [R. 352-1].

In order to successfully challenge his plea on the basis of ineffective assistance of counsel, Haddix must show that counsel's performance was deficient and that prejudice resulted therefrom. Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of a guilty plea, he must demonstrate that there is a reasonable probability that, but for counsel's deficient performance, he would not have pled guilty but would have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1987); Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006). For the reasons discussed below, Haddix fails to meet the applicable standard as to any of the ineffective assistance of counsel claims raised in his motion.

(1) First, in challenging his plea based on ineffective assistance of counsel, Haddix

4

asserts that counsel failed to advise him that the United States Attorney would seek an enhanced penalty at sentencing based on his prior conviction. Contrary to Defendant's allegations, at re-arraignment the Assistant United States Attorney specifically stated that "Mr. Haddix, *having been convicted of a prior drug felony*, understands in paragraph 4 that *his penalties have been enhanced*." [R. 343]. Subsequently, the Court also noted that "given [his] *prior drug conviction*," Defendant could be subjected to a maximum of thirty (30) years imprisonment. In addition, the Court thoroughly explained to Haddix the process by which his sentence would be determined. [Id.]. The United States also recited the relevant facts which established Defendant's role as a "manager."

The transcript of the re-arraignment clearly indicates that Defendant was advised of the possibility of receiving an enhanced penalty at sentencing. Even if counsel did not explain the potential enhancement to Defendant, the Court and the United States Attorney adequately explained this possibility. More importantly, Defendant indicated that he read the plea agreement and understood the maximum penalty at issue [R. 343]. See Reed v. United States, 2008 WL 4963195, at *11 (E.D. Tenn. 2008) ("Even if [his attorney] did not adequately explain the terms of the plea agreement, [the defendant] cannot demonstrate any prejudice because the Court carefully explained the terms of the plea agreement to him during the plea colloquy."). Here, not only has Defendant actually failed to show that counsel acted unreasonably, but he has also failed to show any prejudice as a result of counsel's actions as required under Strickland, 466 U.S. 668. Accordingly, this claim has no merit.

(2)  Next, Haddix claims that counsel was ineffective by inducing him to plead guilty by promising that he would be sentenced to only 235 months. In reality, the plea agreement is void of promises or references to a 235 months sentence. [R. 195]. During the plea colloquy, Defendant

5

indicated that the plea agreement in issue "is the complete and only Plea Agreement between the United States Attorney" and Defendant. [R. 343; R. 195 at ¶ 13]. Defendant's plea agreement, discussed at length during re-arraignment, specifically states that the "maximum statutory punishment for Count 1 is imprisonment for not more than 30 years [or 360 months] . . . and a term of supervised release of not more than 6 years." [R. 195; R. 343]. Likewise, the Judge specifically noted that any of the proposed recommendations do not bind the Court at sentencing. [Id.].

Furthermore, Defendant's unsubstantiated allegations that counsel's inaccurate prediction as to the sentencing guideline range do not amount to ineffective assistance of counsel. See United States v. Kutilek, 260 Fed. Appx. 139, 146 (10th Cir. 2008) (miscalculations or erroneous sentence estimation by counsel do not rise to the level of ineffective assistance of counsel); United States v. Ryan, 986 F. Supp. 509, 513 (N.D. Ill. 1997) ("counsel cannot be found to have rendered constitutionally ineffective assistance based on inaccurate sentence predictions made in good faith"); Beckham v. Wainwright, 639 F.2d 262, 266 (5th Cir. 1981) (erroneous estimate by counsel as to the length of sentence is not necessarily indicative of ineffective assistance). Additionally, where the defendant is advised of the maximum sentence applicable to the offense charged under the guidelines, as in Haddix's case, he is deemed fully aware of the consequences of his plea. See United States v. Rivera, 898 F.2d 442, 447 (5th Cir. 1990); United States v. Horne, 987 F.2d 833, 835 (C.A. D.C. 1993). Accordingly, this claim has no merit.

(3) Finally, Defendant claims that he was induced by counsel into accepting the guilty plea because, at the time he took the plea, he was experiencing severe withdrawals from substance abuse. Contrary to Defendant's current allegations, Haddix showed no indication at his re-arraignment that he was under the influence of drugs or suffering from any withdrawals [R. 343].

When asked whether he had recently been treated for "addiction to narcotic drugs of any kind" or if he is "currently under the influence of any drug," Defendant quickly responded: "No." [Id.].

Aside from his bare allegations that he was a long-term substance abuser and in withdrawal at the time he pled guilty, Haddix has presented no evidence to show that his competency was affected at the time of the plea. See United States v. Prior, 107 F.3d 654, 662 (8th Cir. 1997) (The Eighth Circuit rejected the claim that counsel was ineffective because of alleged withdrawal from substance abuse at the time the defendant signed the plea agreement, and specifically noted the lack of credible evidence relating to defendant's claim that he would not have pleaded guilty had he been competent when he signed the plea). Like the preceding two claims, this claim has no merit.

As discussed above, Haddix fails to show that his plea was not knowing or voluntary due to ineffective assistance of counsel. As a result, the valid plea and waiver have "effectively foreclosed his right to bring a § 2255 petition based on the claim of ineffective assistance of counsel." Davilla, 258 F.3d at 451.

## IV. CONCLUSION

Having considered this matter fully, and for the reasons set forth above, IT IS RECOMMENDED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence [R. 352] be DENIED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Arn, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the

right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed June 9, 2011.



Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge