UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 5:07-CR-137-JMH-REW-3 |
| | ) | No. 5:16-CV-290-JMH-REW |
| v. | ) | |
| | ) | |
| GREGORY DAVID HADDIX, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Movant, Gregory David Haddix, is a federal inmate. DE #396 (Motion). On July

28, 2016,[1] Haddix filed a *pro se*[2] motion under 28 U.S.C. § 2255. *See id.* The Court has

conducted an initial review of the filing. As a § 2255 motion, the filing is second or

successive. Thus, and because Haddix has not secured prior Sixth Circuit approval, this

Court could simply transfer the matter per 28 U.S.C. § 1631. However, the substance of

the motion really is a request for resentencing under 18 U.S.C. § 3582(c)(2). Properly

construed, such a claim is not § 2255 material. The Court **RECOMMENDS** that the

District Judge recharacterize the motion and address the resentencing merits. Because

Haddix seeks relief under a Guideline Amendment (No. 794) inapplicable to him, the

Court should **DENY** resentencing.

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-
13 (6th Cir. 2002) (*per curiam*). Here, Haddix affirmed under penalty of perjury that he
placed the § 2255 motion in the prison mailing system on July 28, 2016. DE #396, at 14.
[2] *Pro se* petitions receive a comparatively lenient construction by the Court. *Franklin v.
Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas
petition, though vague and conclusory, are entitled to a liberal construction" including
"active interpretation" toward encompassing "any allegation stating federal relief"
(citations and internal quotation marks omitted)).

1

## I.       BACKGROUND INFORMATION

On September 6, 2007, a federal grand jury indicted Haddix, among others, for one count of conspiring to traffic a quantity of pills containing oxycodone and methadone, in violation of 21 U.S.C. §§ 841(a)(1) and 846. DE #1 (Indictment, Count 1). Haddix pleaded guilty to that count, pursuant to a plea agreement, on January 15, 2008. DE ##193 (Minute Entry); 195 (Plea Agreement). Judge Hood sentenced Haddix on April 14, 2008. DE #292 (Minute Entry). He received a total prison sentence of over 294 months, followed by 6 years of supervised release. DE #301 (Judgment). Haddix appealed the conviction and sentence, DE #305, and the Sixth Circuit affirmed. DE #348. On February 1, 2010, Haddix timely filed a § 2255 motion. DE ##1132 (Motion); 1136 (Order). Judge Hood denied the § 2255 motion, DE #379 (Order); no appeal followed.

Haddix now files a second § 2255 motion addressing the same judgment. He seeks a sentence reduction based on U.S.S.G. Amendment 794. Because Green has not obtained authorization from the Sixth Circuit to file a second or successive § 2255 petition, the Court could simply transfer. However, the true request presented is not a § 2255 matter, so the more efficient route would be recharacterization and then rejection of the meritless § 3582 application.

## II.      ANALYSIS

In the § 2255 motion, Haddix requests a sentence reduction based on U.S.S.G. Amendment 794. That Amendment modified the commentary to U.S.S.G. § 3B1.2, the mitigating role adjustment. *See United States v. Gomez-Valle*, — F.3d. —, 2016 WL 3615688, at *3 (5th Cir. 2016).

2

Technically, the motion is flawed as second or successive. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A). The statutes mandate the Circuit as the starting point for second or successive § 2255 filings.

As nominally styled by Haddix, this is a second or successive § 2255 motion. *Burton v. Stewart*, 127 S. Ct. 793, 796-97 (2007) (*per curiam*).[3] Haddix filed the first in February 2010. DE #352 (§ 2255 Motion). The parties briefed the claims Haddix raised, which attacked both the conviction and the sentence. DE ##352-1 (Haddix Memorandum in Support); 356 (Response). Judge Atkins issued a thorough recommended disposition. DE #378. Haddix filed no objections. The District Court adopted the recommendation and denied the § 2255 motion. DE #379. Haddix did not appeal.

Haddix now presents a second § 2255 motion. A second habeas round following final disposition of a prior effort is classically "second or successive." *See Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) ("When a *habeas* petitioner files a

---

[3] Not all numerically second habeas petitions are "second or successive." *Magwood v. Patterson*, 130 S. Ct. 2788, 2796 (2010). However, nothing in the record indicates that Haddix's claim, the second to attack the underlying judgment, goes outside the cases' interpretation of "second or successive." *See, e.g.*, *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010) (summarizing the Supreme Court case law and finding that a numerically second petition was not "second or successive" because the claim was "unripe" when movant filed the initial petition, meaning that "the events giving rise to the claim had not yet occurred"). That is not the case here—Haddix merely seeks application of the amended Sentencing Guidelines to reduce his sentence.

motion attacking the merits of a conviction or sentence after the adjudication of her

*habeas* petition is complete—meaning that the petitioner has lost on the merits and has

exhausted her appellate remedies—the motion, irrespective of its characterization, is

really a second or successive *habeas* petition." (citations omitted)). Haddix has not,

however, received from the Sixth Circuit the requisite authorization for a second § 2255

motion.[4] *See* § 2255(h); *see also* § 2244(b)(3). The District Court could treat the filing

per its facial presentation and transfer it to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

*See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]e hold that when . . . a second or

successive . . . § 2255 motion is filed in the district court without § 2244(b)(3)

authorization from this court, the district court shall transfer the document to this court

pursuant to 28 U.S.C. § 1631.").

However, the substance of the motion is not one attacking the validity or propriety

of the Judgment. Rather, Haddix seeks resentencing per a Guideline Amendment.

Specifically, Haddix seeks sentencing relief under U.S.S.G. Amendment 794. A motion

under 18 U.S.C. § 3582(c)(2), not 28 U.S.C. § 2255, is the correct mechanism by which

to pursue sentence reduction under amendments to the Sentencing Guidelines. *See*

U.S.S.G. § 1B1.10(a)(1); *Newby v. United States*, Nos. 4:07-CR-51-FL-1, 4:12-CV-42-

FL, 2013 WL 7098720, at *5 (E.D.N.C. Mar. 19, 2013) ("Courts recognize that a motion

pursuant to 18 U.S.C. § 3582(c) is the appropriate motion to be made for a sentence

reduction based on a Guideline amendment, not a motion to vacate under 28 U.S.C.

§ 2255.") (citation, internal quotation marks, and alterations omitted); *see also United

States v. Jones*, 143 F. App'x 527, 527 (4th Cir. 2005) ("A motion under § 3582(c)(2) is a

---

[4] The docket reflects, and Haddix asserts, no such authorization. Further, the Court
searched the Sixth Circuit's online docket and found no grant of authorization to Haddix.

post-conviction remedy for an improperly computed sentence that is separate and distinct from a § 2255 motion.")

Accordingly, in an effort to efficiently adjudicate the motion, and as an alternative to transfer of the styled § 2255 motion to the Sixth Circuit as second or successive, the Court recommends the District Court treat the § 2255 motion as, in actuality, a motion to reduce sentence under 18 U.S.C. § 3582(c)(2). *See United States v. McDonald*, 326 F. App'x 880, 882 (6th Cir. 2009) (permitting liberal construction of "post-judgment filings of *pro se* criminal defendants for efficiency's sake and out of a sense of fairness to *pro se* petitioners") (citation and internal quotation marks omitted); *see also United States v. Porter*, 335 F. App'x 408, 409 (5th Cir. 2009) (affirming district court's construction of movant's § 2255 motion as in "essence" a § 3582(c)(2) motion "[b]ecause Porter claimed that his sentence should be reduced based on amendments to the Sentencing Guidelines").[5]

Once so construed, the Court recommends denial of Haddix's motion to reduce sentence. Amendment 794 addressed, by commentary modification, the mitigating role adjustment of U.S.S.G. § 3B1.2. However that change might otherwise have applied, the Amendment is not available to Haddix.  As the Sixth Circuit has clearly stated:

> The language of § 1B1.10(b)(1) is clear: if an amendment is not listed in § 1B1.10(c), it cannot be applied in a § 3582(c)(2) resentencing proceeding. Amendment 709, which Goodloe contends applies to make his three prior offenses properly scored as one, is not listed in subsection § 1B1.10(c) and thus cannot properly be applied on resentencing.

---

[5] Recharacterization the opposite direction creates procedural dangers, at least for first-time § 2255 filers. Thus, a court must give prior notice when deeming a § 3582 filing a § 2255 motion. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). The same concerns do not arise with the opposite rechacterization because the warren of procedural rules applicable in habeas would not attend the § 3582 context.

*United States v. Goodloe*, 388 F. App'x 500, 506 (6th Cir. 2010). Section 1B1.10 does not enumerate Amendment 794, "and [it] thus cannot properly be applied on resentencing."[6] *Goodloe*, 388 F. App'x at 506; *see also United States v. Watkins*, ___ F. App'x ___, No. 15-6205, 2016 WL 3924240, at *1 (6th Cir. July 21, 2016) ("If no amendment listed in § 1B1.10(d) lowers the defendant's 'applicable guideline range,' then a sentence reduction is inconsistent with § 1B1.10 and, therefore, not authorized by § 3582(c)(2)."). As such, § 3582(c)(2) forecloses relief, and the Court should deny resentencing.[7]

---

[6] Haddix cites *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), for the proposition that Amendment 794 applies retroactively. DE #396, at 4. Haddix's reliance on *Quintero* is misplaced. *Quintero* addressed only whether Amendment 794 applies retroactively on direct appeals, not retroactivity related to a sentencing reduction. *Quintero*, 823 F.3d at 522. Again, as the Sixth Circuit has clearly stated in *Goodloe*, since Section 1B1.10 does not list Amendment 794, it cannot apply retroactively on resentencing. *Goodloe*, 388 F. App'x at 506.

[7] Judge Hood had increased Haddix's base offense level, per § 3B1.1, because he was a manager in the organization (recruiting street level dealers and expanding DTO territory). The defense had challenged the increase and simultaneously sought a mitigating role adjustment. Judge Hood disagreed and viewed the idea of Haddix being a manager and yet having a mitigating role as functionally inconsistent. *See* DE #312 (Sentencing Transcript), at 12-13. There is interesting academic discussion on the topic of the mutual exclusivity of sections 3B1.1 and 3B1.2. *See United States v. Doe*, 613 F.3d 681, 688 (7th Cir. 2010) ("[W]e agree with Tapia that it was error for the district court to conclude categorically that when a defendant receives an enhancement under § 3B1.1, he is automatically ineligible for a reduction under § 3B1.2."); *United States v. Tsai*, 954 F.2d 155, 167 (3d Cir. 1992) ("The district court apparently assumed that because it had (properly) found that there could be an upward adjustment for role in offense, there could be no downward adjustment for less than average culpability. This assumption is incorrect."). *But see United States v. Shah*, 263 F. Supp. 2d 10, 33 (D.D.C. 2003), *aff'd and remanded*, 453 F.3d 520 (D.C. Cir. 2006) ("Given that the Court has already determined that the PSR correctly applies a two-point upward adjustment based on Shah's role as a manager, leader, or supervisor, Shah is not eligible for [a § 3B1.2] adjustment."). The Court need not wade into that topic, but Judge Hood specifically found that Haddix indeed did not have a mitigating role.

## III.    RECOMMENDATION

The District Judge has options here. It could process the motion as filed (and thus, a second § 2255), which would require transfer and Sixth Circuit consideration per *In re Sims*. What Haddix actually requests, though, is § 3582(c)(2) relief. Accordingly, the Court **RECOMMENDS** that the District Judge confront the essence of the filing and then **DENY** sentencing relief on the merits.

\*   \*   \*   \*   \*

The Court directs Haddix to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, Haddix may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

To the extent required, this Recommended Disposition gives Haddix explicit prior notice of the recommendation to recharacterize the motion and deny resentencing on the merits. *Cf. Shelton v. United States*, 800 F.3d 292, 294-96 (6th Cir. 2015) (discussing Rule 4(b) dismissal on timeliness grounds and stating: "Not only is a notice requirement compatible with the rule, it also promotes accuracy at the screening stage[.] . . . A notice requirement gives petitioners the opportunity to bring essential information not evident

7

from the face of the motion to the court's attention[.]"); *Persinger v. Warden*, No. 2:15-cv-2653, 2015 WL 5385005, *3 (S.D. Ohio Sept. 14, 2015) (providing express notice of right to object to recommended summary dismissal of § 2254 petition on timeliness grounds to comply with notice requirement outlined in *Shelton*). If Haddix has arguments to make in opposition to recharacterization and denial, he must properly object and present those arguments to the District Judge.

This the 9th day of August, 2016.

Signed By:

Robert E. Wier

United States Magistrate Judge