```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION AT LEXINGTON
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Action No. |
| ) | 5:07-CR-137-JMH-REW-3 |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 5:16-cv-290-JMH-REW |
| ) | |
| GREGORY DAVID HADDIX, ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendant. ) | |

\*\*    \*\*    \*\*    \*\*    \*\*

Defendant Gregory David Haddix has filed a pro se motion under 28 U.S.C. § 2255 [DE 396], which was referred to the Magistrate Judge for an initial review of the filing. The Magistrate Judge has now filed a Recommended Disposition [DE 398]. Upon the entry of the Recommended Disposition, Defendant filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 [DE 399], which the Court understands to be a response to the Magistrate Judge's recommendation. Defendant does not raise objections to the Magistrate Judge's recommendation that the Court consider his request for relief under 18 U.S.C. § 3582 rather than 28 U.S.C. § 2255.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the

magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). "Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585-86 (6th Cir. 2005)).

Here, Plaintiff argues that relief under Amendment 794 is available to him but offers no objection to the Magistrate Judge's recommendation that it does not apply to Plaintiff's situation because it is not an amendment enumerated in U.S.S.G. § 1B1.10. Generally, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the Recommended Disposition, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Further, the Court concludes that the recommended disposition is well supported by the law cited by the magistrate judge and the facts averred in the Petition. Consequently and in the absence of any objections from Defendant Haddix, this Court adopts the well-articulated and detailed reasoning set forth in the Opinion as its

own.

Finally, the Court observes that the motion pursuant to § 3582(c) presents no question subject to the requirement of a certificate of appealability.  Nor is the Court persuaded that one should issue to the extent that the Court has taken action with respect to claims initially presented by Defendant under 28 U.S.C. § 2255.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order for a certificate to issue, Defendant must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate."  *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003).  Having carefully considered the matter, this Court concludes that there is no call for a certificate to issue in this matter.

Accordingly, **IT IS ORDERED:**

(1)  that the Magistrate Judge's Report and Recommendation [DE 398] is **ACCEPTED** and **ADOPTED** as the Court's decision;

(2)  that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 396] is construed as a Motion for Resentencing pursuant to 18 U.S.C. § 3582(c)(2);

(3)  that Petitioner's Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 396] and Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 [DE 399] are **DENIED** for the reasons set forth in the Recommended Disposition.

This is the 7th day of March, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge