UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 07-137-DCR |
| ) | |
| V. ) | |
| ) | |
| GREGORY DAVID HADDIX, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Gregory Haddix pleaded guilty in January 2008 to conspiring to distribute and possessing with the intent to distribute pills containing oxycodone and methadone. The Court imposed a sentence of 294 months and 17 days' imprisonment, which represented the Court's decision to impose a term of 324 months, but to credit Haddix with 29 months and 13 days of time served for certain matters in Breathitt County, Kentucky, Circuit Court. Haddix has filed a number of post-judgment challenges to his sentence, none of which has been successful. He has now filed a motion for a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines and the First Step Act of 2018. The motion will be denied because Haddix has not identified grounds for relief under either of these provisions.[1]

Amendment 782, which became effective on November 1, 2014, reduced by two levels the base offense level for most drug quantities listed in the table in § 2D1.1 of the guidelines. Haddix filed a motion for relief under this amendment, by way of 18 U.S.C. § 3582(c)(2), on

---

[1] The United States also has filed a request to tender a late response to Haddix's motion. [Record No. 439] The government's response was due on October 12, 2022. Due to a calendaring mistake, the response was not tendered until October 14.

November 3, 2014. The Court denied the motion, noting that the sentence imposed fell within the recalculated guidelines range. The Court declined to reduce his sentence, given Haddix's extensive criminal history. [Record No. 388] And Haddix has not identified any reason for altering that conclusion now.

The remainder of Haddix's motion appears to focus on a request for compassionate release. The First Step Act of 2018 enabled prisoners to file such motions directly rather than requiring the Bureau of Prisons ("BOP") to seek the relief on the prisoner's behalf. To obtain a sentence reduction under the compassionate relief statute, 18 U.S.C. § 3582(c)(1)(A)(i), the prisoner must show that extraordinary and compelling reasons warranting a sentence reduction exist. District courts have substantial discretion in defining extraordinary and compelling reasons under the statute. *United States v. Ruffin*, 984 F.3d 516, 519-20 (6th Cir. 2021).

Haddix focuses mainly on rehabilitation in arguing his case. He contends that he has taken many classes and has learned everything he could while incarcerated. He also reports that he has strong ties to the community to which he would be released. These ties include close connections with his family and his pastor. He adds that his parents are in their seventies and he would like to be present to assist them. And he would like to volunteer with youth ministry and the drug court program. Haddix states that he plans to reside with his sister in Nicholasville, Kentucky, where he believes he could find employment easily. He has attached a transcript and certificates indicating that he has completed many courses while in custody.

"Extraordinary" is defined as "going beyond what is usual, regular, or customary" or "exceptional to a very marked extent."[2] "Compelling" is defined as "demanding attention" or

---

[2] "Extraordinary." *Merriam-Webster.com Dictionary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/extraordinary. Accessed Oct. 17, 2022.

"convincing."[3]  Courts have interpreted these terms to mean "beyond what is usual, customary, regular or common" or a reason "so great that irreparable harm or injustice would result if the relief is not granted."  *United States v. Sapp*, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (citations omitted).  The Court is not bound by the policy statement in § 1B1.13 of the Sentencing Guidelines, but its commentary assists by illustrating situations that may be considered extraordinary and compelling reasons for a sentence reduction—for example, the defendant's terminal illness or other serious condition that prevents the defendant from caring for himself; the defendant's advanced age in combination with having served the majority of his sentence; or the death or incapacitation of the caregiver of the defendant's minor children.

Rehabilitation alone typically is insufficient to justify compassionate release.  *United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020) (citing 28 U.S.C. § 994(t)).  While the Court commends the defendant's rehabilitative efforts and sympathizes with his desire to reunite with family, these circumstances are not extraordinary or compelling.

Haddix also contends that he is entitled to a sentence reduction because he has earned over 500 hours of time credit working for UNICOR, "along with numerous credits from programming and maintaining a score of [low] for over two consecutive terms." [Record No. 432, p. 1]  The BOP, rather than the Court, is responsible for applying any credit to a defendant's sentence.  *See* 18 U.S.C. § 3632(d)(4).  If Haddix believes that the BOP has erred in its determination, he may challenge that decision by filing a petition in the district where he is he is confined, but only after exhausting administrative remedies.  *See Braden v. 30th*

---

[3] "Compelling." *Merriam-Webster.com Dictionary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/compelling.  Accessed Oct. 17, 2022.

*Judicial Court of Ky.*, 410 U.S. 484, 494-95 (1973); *Roman v. Ashcroft*, 340 F.3d 314, 318-20 (6th Cir. 2003).

The factors under 18 U.S.C. § 3553(a) do not weigh in favor of a sentence reduction. Haddix's crimes of conviction were very serious. He was a manager and mid-level dealer in an extensive drug trafficking conspiracy and was held personally responsible for 55,000 80 milligram Oxycontin pills. He assisted his father (who was the leader and organizer of the conspiracy) in recruiting and supplying street level dealers in the Eastern District of Kentucky.

A substantial sentence is needed to promote the objectives listed under § 3353(a)(2), particularly affording adequate deterrence and protecting the public from the defendant's future crimes. The defendant acknowledges in his motion that, despite his extensive criminal history, he "had never been to prison before" and "was always given suspended sentences and did probation." [Record No. 432, p. 5] Clearly, these sentences were insufficient to deter the defendant from engaging in further criminal activity. Having reviewed the defendant's motion and the § 3553(a) factors, the Court remains convinced that the sentence originally imposed is sufficient but greater than not greater than necessary.

Accordingly, it is hereby

**ORDERED** as follows:

1. The United States' request to tender a late response [Record No. 439] is **GRANTED**.

2. The defendant's motion for a sentence reduction [Record No. 432] is **DENIED**.

Dated: October 17, 2022.

          Danny C. Reeves, Chief Judge
          United States District Court
          Eastern District of Kentucky