UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 5: 07-137-DCR |
| V. | ) |
| GREGORY DAVID HADDIX, | ) **MEMORANDUM ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

After pleading guilty to conspiring to distribute and possessing with the intent to distribute pills containing oxycodone and methadone, Defendant Gregory Haddix was sentenced to 294 months and 17 days' imprisonment in April 2008.[1] [Record No. 301] Two points were added to Haddix's criminal history score under the 2007 sentencing guidelines because he committed the offense while under several state criminal justice sentences. [Presentence Investigation Report, ¶ 66] As the Court determined in its prior order, Haddix qualifies for a sentence reduction under Amendment 821 because his recalculated guidelines range would be 292 to 360 months; however, reconsidering the § 3553(a) factors, with the addition of Haddix's drug education/treatment participation, a reduction still is not appropriate. [Record No. 445]

---

[1] While the defendant's guidelines range was 324 to 360 months, pursuant to § 5G1.3(b), the Court credited Haddix with 29 months and 13 days for time served on state charges resulting in his final sentence. [Record No. 301]

Amendment 821 to the United States Sentencing Guidelines (Part A) now reduces to one such "status points" for defendants like Haddix who have seven or more criminal history points. (U.S.S.G. Amend. 821, eff. Nov. 1, 2023.) Further, 18 U.S.C. § 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In considering a motion for a sentence reduction based on an amendment to the sentencing guidelines, the Court first determines whether the defendant was sentenced based on a guidelines range that has been lowered by a retroactive amendment. *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). If the defendant's original guidelines range has been lowered, the Court determines whether, and to what extent, a discretionary sentence reduction is appropriate considering the factors under 18 U.S.C. § 3553(a). *Id.*

Haddix previously filed a *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. [Record No. 441] The Court set a briefing schedule in which Haddix was given fourteen days to reply after the government filed its response. [Record No. 443] After the time to file a reply expired, the Court issued an order denying the motion. [Record No. 445] However, two weeks after the Court issued its order denying the motion, Haddix filed a motion for leave to file a reply stating he did not receive a copy of the order containing the reply deadline nor a copy of the government's response. [Record No. 446] The Court denied that motion because Haddix

offered "no indication what his reply might entail, and he otherwise fail[ed] to state any substantive reason to vacate this Court's previous decision." [Record No. 447]

Haddix appealed the denial of his motion for a sentence reduction and the denial of leave to file a reply with the United States Court of Appeals for the Sixth Circuit. [Record No. 449] On appeal, Haddix submitted documentation regarding a drug education course he attended, Medication Assisted Treatment ("MAT") services he was receiving, and his placement on the waiting list for the Residential Drug Abuse Program ("RDAP"). *United States v. Haddix*, No. 24-5268, R. 6 at 11 (6th Cir. Mar. 25, 2024). The Sixth Circuit panel held that this Court "relied on a clearly erroneous finding of fact when it concluded that Haddix had failed to 'participate[] in any drug education and/or treatment program.'" [Record No. 453] It also found that Haddix's argument that he had not received the government's response was a "'reasonable explanation'" for his failure to notify the district court of his drug education/treatment effort. *Id.* (quoting *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 677 (6th Cir. 2013)). The panel thus vacated both orders and remanded with instructions to reconsider the motion for a sentence reduction after allowing Haddix to file a reply to the arguments the government raised in its response. [Record No. 453]

In his reply, Haddix focuses on two issues raised in the government's response: his disciplinary history and participation in drug education/treatment. [Record No. 458] As the government noted in its response to the reply, the Court did not rely on Haddix's disciplinary history in applying the 18 U.S.C. § 3553(a) factors.[2] [Record Nos. 445 and 459]

---

[2] That said, Haddix's readiness to explain away each infraction as if they all were a misunderstanding strains common sense and is at odds with his assertion that he "has shifted his habits and behaviors to a point where they are beyond reproach." [*See* Record No. 458.] Had there been no wrongdoing on Haddix's part regarding these infractions then it belies

- 3 -

Regarding the second issue, the government argues that neither it nor the BOP views the drug education course as "treatment." [*See* Record No. 459 (providing email correspondence from the BOP stating that "Drug Ed" is not treatment).] The documents Haddix supplied on appeal indicate that he attended this twelve-hour course for four days and took a test on the final day. *United States v. Haddix*, No. 24-5268, R. 6 at 11 (6th Cir. Mar. 25, 2024). They also show that he has been receiving monthly injections in the MAT program since October 2021 and that he is on the waiting list for RDAP. *Id.*

Haddix contends that "he has done what the [C]ourt recommended at sentencing, namely, seek help for his substance abuse issues." [Record No. 458] But during Haddix's sentencing, District Judge Joseph Hood recommended that he participate in the BOP's "*intensive* drug education and treatment program." [Record No. 301] (Emphasis added.) The 500-hour RDAP is an *intensive* program unlike the twelve-hour drug education course and MAT program. [*See* Record No. 459-1.] While Haddix's participation in both programs may is a positive step toward successful re-entry, due to his drug-related convictions (and his own admissions regarding substance misuse), an *intensive* drug treatment program remains necessary to mitigate his recidivism risk. [*See* Presentence Investigation Report ¶¶ 53, 58, and 80–85.]

Regarding the seriousness of the offense, as the Court previously outlined, the sentence of 294 months' imprisonment originally imposed is minimally sufficient considering Hadix's participation in:

---

reason that there would be *any* action he could take to avoid future "misunderstandings." Nonetheless, the undersigned did not factor these disciplinary reports into the prior § 3553(a) analysis and does not now.

a large-scale drug trafficking conspiracy during which over 100,000 Oxycontin 80 milligram tablets were distributed in the Eastern District of Kentucky. Haddix was assessed a management role in the offense and admitted to over 50,000 of the pills being reasonably foreseeable to him based on his role in the conspiracy. The lengthy sentence previously imposed is necessary to provide just punishment and specific deterrence to Haddix. It also provides general deterrence to others who may be inclined to distribute controlled substances in the Eastern District of Kentucky.

[Record No. 445]

In summary, the previously imposed sentence at the low end of the amended guidelines range remains sufficient, but not greater than necessary, to further the purposes of § 3553(a) as discussed herein. Accordingly, it is hereby

**ORDERED** that Defendant Haddix's motion for a sentence reduction pursuant to Amendment 821 [Record No. 441] is **DENIED**.

Dated: December 20, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky